SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Blvd #203
Las Vegas, Nevada 89118
Tel: (702) 360-6200
Fax: (702) 643-6292
Chattahlaw@gmail.com
*Counsel for Plaintiffs*

JOSEPH S. GILBERT, ESQ.
Nevada Bar No.: 9033
ROGER O'DONNELL, ESQ.
Nevada Bar No.: 14593
JOEY GILBERT LAW
201 W. Liberty Street, Suite 210
Reno, Nevada 89501
Tel: (775) 284-7000
Fax: (775) 284-3809
Joey@joeygilbertlaw.com
*Co-Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CALVARY CHAPEL LONE MOUNTAIN, a Nevada Non-profit Organization, <br><br> Plaintiffs, <br><br> vs. <br><br> THE HONORABLE STEPHEN F. SISOLAK, in his official capacity as Governor of the State of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, JUSTIN LUNA, in his official capacity as Chief of the Nevada Division of Emergency Management; DOES 1 through 100. <br><br> Defendants. | Case No.: 2:20-cv 00907 RFB-VCF <br><br> **AMENDED DECLARATION** |

# AMENDED DECLARATION OF SIGAL CHATTAH, ESQ.

I, SIGAL CHATTAH, declare as follows:

1. I am a licensed attorney in the State of Nevada since 2002 and a member of good standing with the State Bar of Nevada.

2. On June 1, 2020, I submitted a Declaration in support of Plaintiffs' Supplement to Motion for Preliminary Injunction.

3. The Declaration was submitted for the purposes of providing information of the origination of the photographs attached as Exhibits and to provide the Court of information regarding Notice that was placed on Calvary Chapel over the weekend of Pentecost Sunday.

4. Paragraph 6 of the Declaration provides an averment regarding Defendant Ford's warnings about Plaintiffs exceeding the 50 person mandate and the enforcement of the Governor's Directives regarding Calvary's violation of the Governor's mandates.

5. Defendant Ford did not specify that the Pastor and/or congregants would necessarily be arrested but warned that the mandate ***would be enforced***. Counsel understood this to be a warning as delineated in section 5 of Executive Directive 7.

6. Section 5 of Executive Directive 7 provides:

    Any person who does not comply with Section 1 of this Directive, after receiving notice from law enforcement, may be subject to criminal prosecution and civil penalties under NRS 199.280, NRS 202.450, and another other applicable statute, regulation, or ordinance. All law enforcement agencies in the State of Nevada are authorized to enforce this Directive. The Office of the Attorney General is given concurrent jurisdiction to prosecute violations of this Directive.

7. That Emergency Orders filed and in the record attached to Plaintiffs' Motion for Preliminary Injunction [ECF 11] authorizes law enforcement to ***arrest and prosecute*** under NRS 202.595 and 202. 450, which provide as follows:

NRS 202.595   Performance of act or neglect of duty in willful or wanton disregard of safety of persons or property; penalty.   Unless a greater penalty is otherwise provided by statute and except under the circumstances described in NRS 484B.653, a person who performs any act or neglects any duty imposed by law in willful or wanton disregard of the safety of persons or property shall be punished:
   1.   If the act or neglect does not result in the substantial bodily harm or death of a person, for a **gross misdemeanor.**
   2.   If the act or neglect results in the substantial bodily harm or death of a person, for a category C felony as provided in NRS 193.130.

NRS 202.450 is Nevada's public nuisance statute which is intentionally omitted herein for brevity.

8. While Defendant Ford did not use the word "arrest", but used the term "enforcement" which, under the code authorizes arrest and prosecution of at a minimum, a gross misdemeanor.

9. That it is common knowledge to any lawyer, that probable cause would exist to effectuate an arrest if Defendants found that the statute was violated.

10. That Counsel took the literal meaning of "enforcement" of the statute to include arrest and prosecution.

11. That it was not Counsel's intention to misrepresent the communications to this Court but a genuine misunderstanding of the "enforcement" warning Defendants' gave regarding congregants and the pastor exceeding the maximum capacity, specifically when the statutory authority allows the arrest and prosecution of a gross misdemeanor.

///

12. These are the facts as I know them to be true.

13. Under NRS 53.045, I declare under penalty of perjury that the foregoing is true and correct.

  /s/  SIGAL CHATTAH  
Declarant
SIGAL CHATTAH, ESQ.

### CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day June, 2020, I served a copy of the foregoing PLAINTIFFS' AMENDED DECLARATION to all registered parties via E-service on the CM/ECF registry

      /s/ SIGAL CHATTAH  
      CHATTAH LAW GROUP